J-S60037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEVIN RYAK | |
| Appellant | No. 1222 EDA 2014 |

Appeal from the PCRA Order March 17, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0910761-2003

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 30, 2015**

Devin Ryak appeals from the order entered on March 17, 2014, in the Court of Philadelphia County, that denied, after an evidentiary hearing, his second petition filed pursuant to Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S. §§ 9451–9546.  Ryak argues the PCRA court erred in (1) denying him PCRA relief where he presented a claim of after-discovered evidence, and (2) finding that his claims raised on appeal were waived pursuant to Pa.R.A.P. 1925(b).  Based upon the following, we affirm, albeit on the basis that the petition is untimely.[1]

---

[1] We may affirm the decision of the PCRA court if there is any basis on the record to support the PCRA court's action, even if the appellate court relies on a different basis in its decision.  **See Commonwealth v. Fisher**, 870 A.2d 864, 870 n.11 (Pa. 2005).

Ryak was convicted at a jury trial of first-degree murder, criminal conspiracy, and possessing an instrument of crime,[2] in connection with the shooting death of Hakim Williams.[3] The trial court sentenced Ryak to life in prison without parole on the first-degree murder charge, a consecutive sentence of 10 to 20 years' imprisonment on the conspiracy charge, and no further penalty on the possession of an instrument of crime charge. On direct appeal, this Court affirmed the judgment of sentence and, on March 26, 2008, the Pennsylvania Supreme Court denied allowance of appeal. **Commonwealth v. Ryak**, 943 A.2d 321 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 945 A.2d 169 (Pa. 2008).

Ryak filed a timely PCRA petition on May 8, 2008. Following the appointment of counsel, an amended petition was filed on his behalf. Private counsel then entered her appearance and filed a new amended petition, raising multiple claims of ineffectiveness of counsel and claims of newly discovered evidence from three witnesses. Specifically, Ryak claimed that Nael Reddy would testify that a person known as "Black" fought with the victim the day before his death and that the victim was shot as a direct

_____

[2] 18 Pa.C.S. §§ 2502, 903, and 907, respectively.

[3] A full account of the underlying facts of this case is set forth in this Court's opinion issued in connection with Ryak's direct appeal. **See Commonwealth v. Ryak**, 943 A.2d 321 [2458 EDA 2006] (Pa. Super. 2007) (unpublished memorandum, at 1–3, *quoting* Trial Court Opinion, 11/8/2006, at 2–5). **See also** PCRA Court Opinion, 7/14/2014, at 5–6, quoting **Ryak, supra**.

result of a fight between the victim and "Black." Ryak claimed that Rashena Carter witnessed the shooting incident and, according to her affidavit, she was confident that the shooter was not Ryak. Ryak claimed the third witness, Desjanava Kinslow also witnessed the shooting incident, and that she saw someone who was not Ryak shoot the victim. This petition was followed by a supplemental petition raising another claim of trial counsel's ineffectiveness. On April 16, 2012, the PCRA court denied relief without a hearing. On appeal, this Court affirmed the dismissal of Ryak's first PCRA petition. *Commonwealth v. Ryak*, 2013 Pa. Super. LEXIS 1480 (Pa. Super. Mar. 19, 2013) (unpublished memorandum).[4]

On April 12, 2013, Ryak filed the present, counseled, PCRA petition — his second. Ryak claimed he had new after-discovered evidence, and attached the affidavits of two witnesses, Brian Rivers and Rakiem Smith. In

---

[4] This Court affirmed the denial of PCRA relief on the basis of the PCRA court's opinion, which rejected Ryak's newly-discovered evidence claim, as follows:

> Appellant did not exercise reasonable diligence in discovering witnesses Nael Reddy, Rashena Carter, and Desjanava Kinslow; several years have passed since trial and Appellant's explanation that witnesses "did not want to get involved, were scared, or feared retaliation" is insufficient reason to excuse lack of reasonable diligence; additionally, testimony would have only limited impeachment value[.]

*Commonwealth v. Ryak*, 2013 Pa. Super. LEXIS 1480 (Pa. Super. Mar. 19, 2013) (unpublished memorandum, at 3–4), *citing* PCRA Court Opinion, 9/23/2012.

Rivers' affidavit, dated March 24, 2013, he states that he saw "Black" shooting at the victim, and that Ryak was not the shooter. In Smith's affidavit, dated March 22, 2013, Smith states he knew the victim and Ryak prior to the victim's murder, and that he introduced Ryak and Rivers while the three men were together in prison. According to Smith, he told Rivers that Ryak was charged with the shooting of the victim and pointed Ryak out to Rivers. Rivers told him Ryak was not the shooter because he (Rivers) had witnessed the shooting. Smith then told Ryak about Rivers, and Ryak asked to meet Rivers.

The Commonwealth stipulated to an evidentiary hearing, which was conducted on March 17, 2014. Ryak was represented at the hearing by private counsel, Teri Himebaugh, Esquire, who had filed Ryak's second PCRA petition. At the conclusion of the hearing, the PCRA court denied the petition, finding the witnesses' testimony lacked credibility. This appeal followed.[5]

_____

[5] Following the filing of notice of appeal, Ryak's private counsel, Teri Himebaugh, Esquire, filed in this Court, on June 14, 2014, an application to withdraw as counsel. On July 9, 2014, by *per curiam* order this Court granted the application, and directed the PCRA court to determine Rybak's eligibility for court-appointed counsel. By order dated July 11, 2014, and filed in this Court on July 16, 2014, PCRA court appointed Peter Levin, Esquire, as counsel for Ryak. On August 4, 2014, Lee Mandell, Esquire, was appointed to represent Ryak. Thereafter, as a result of a petition for remand filed by Mandell on behalf of Ryak, this Court remanded to the PCRA court to conduct an on-the-record determination as to whether Ryak's request for waiver of counsel was knowing, intelligent and voluntary, pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), and retained
*(Footnote Continued Next Page)*

The standards governing our review of the denial of a request for post conviction relief are well settled:

> [T]he standard of review of an order denying a PCRA petition is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Johnston***, 42 A.3d 1120, 1126 (Pa. Super. 2012) (citations omitted).

At the outset, we note that, although the PCRA court addressed Ryak's petition, we must consider the issue of timeliness of the petition.

The timeliness requirements of the PCRA are jurisdictional in nature. ***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S.Ct. 2695 (2014).  As this Court has explained:

> A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Bretz***, 2003 PA Super 298, 830 A.2d 1273 (Pa. Super. 2003); ***Commonwealth v. Vega***, 2000 PA Super 174, 754 A.2d 714

*(Footnote Continued)* ———————————

jurisdiction.  On February 10, 2015, following a ***Grazier*** hearing, the PCRA court  granted Ryak's request to waive his right to counsel.

On March 9, 2015, this Court granted Ryak's application for an extension of time to file his brief until May 26, 2015.  On March 12, 2015, this Court denied Ryak's application to stay briefing schedule, "in light of the fact that this appeal appears to involve the denial of a serial untimely PCRA petition, and therefore, the only issue to be considered in this appeal is the timeliness of the PCRA petition." *Per Curiam* Order, 3/12/2015.  On May 4, 2015, Ryak filed his appellate brief *pro se.*  The Commonwealth filed its brief late on September 21, 2015.

(Pa. Super. 2000). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness requirements of the PCRA provide very limited circumstances to excuse the late filing of a petition. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i)        the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii)        the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence;

> (iii)        the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000); 42 Pa.C.S.A. § 9545(b)(2).

***Commonwealth v. Robinson***, 12 A.3d 477, 479–480 (Pa. Super. 2011)

(footnote omitted).

Ryak's judgment of sentence became final on June 24, 2008, after the Pennsylvania Supreme Court denied his petition for allowance of appeal on March 26, 2008, and the 90-day period for filing a petition for writ of *certiorari* with the United States Supreme Court expired. **See** U.S.Sup.Ct.R. 13 (stating that a writ of *certiorari* is timely if filed within ninety days of the entry of judgment by a state court of last resort or a federal court of appeals). Therefore, the petition filed by Ryak on April 12, 2013, is untimely on its face, as it was filed nearly five years after his judgment of sentence became final. However, in his petition, Ryak invoked a statutory exception to the PCRA one-year time bar, 42 Pa.C.S. § 9545(b)(1)(ii).

Our Court recently explained this exception, as follows:

The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. [**Commonwealth v.**] **Bennett**, [593 Pa.] at 393, 930 A.2d at 1270. "This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of 'after-discovered evidence.'" **Id**. Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii); **Bennett, supra**. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. **See** 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under PCRA, petitioner must plead and prove by preponderance of evidence that conviction or sentence resulted from, *inter alia*, unavailability at time of trial of exculpatory evidence that has subsequently become available and would have changed outcome of trial if it had been introduced). In other words, the "new facts" exception at:

[S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Bennett, supra* at 395, 930 A.2d at 1272 (internal citations omitted) (emphasis in original). Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim. *Id*. at 395, 930 A.2d at 1271.

*Commonwealth v. Brown*, 111 A.3d 171, 176–177 (Pa. Super. 2015) (footnote omitted), *appeal denied*, ___ A.3d ___ (Pa. September 30, 2015).

In this case, Ryak's petition alleges previously unknown facts based upon the discovery of witnesses Brian Rivers and Rakiem Smith, who provided affidavits to support his claim that "Black" murdered the victim and that Ryak was not the shooter. However, the focus of the previously unknown facts exception "is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *See Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008). While Ryak attempts to focus on the discovery of his new witnesses, the underlying fact that Ryak did not shoot Williams, if true, was information available to Ryak and cannot be considered to be previously unknown. In fact, in Ryak's previous PCRA petition, he proffered affidavits of three other witnesses who would claim the shooter was not Ryak.

Furthermore, Ryak simply states in his petition that "he did not even know Brian Rivers before he was introduced to him while incarcerated by Rakeim Smith." Ryak's PCRA Petition, 4/12/2013, at 6. However, both Rivers and Smith were lifelong residents of Ryak's neighborhood where the shooting occurred, and Ryak offers no explanation to demonstrate that these facts could not have been ascertained by the exercise of due diligence.

Accordingly, we conclude Ryak has failed to demonstrate the existence of a previously unknown fact that could not have been ascertained by the exercise of due diligence, as required by Section 9545(b)(1)(ii). Consequently, since Ryak failed to satisfy the requirements of this exception, neither this Court, nor the PCRA court, has jurisdiction to consider Ryak's substantive claim for relief.

In any event, even if the petition were timely filed, no relief would be due.[6] In the PCRA context, regarding newly discovered evidence, a "petitioner must plead and prove by a preponderance of the evidence '[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the

_____

[6] We agree with the PCRA court that Ryak's Pa.R.A.P. 1925(b) statement is vague in its allusions to the United States Constitution, and therefore his arguments may be deemed waived. **See** Pa.R.A.P. 1925(b)(4)(vii). Nonetheless, the PCRA court meaningfully addressed the argument raised by Ryak in this appeal, enabling this Court to review the merits. **See** **Commonwealth v. Smith**, 955 A.2d 391, 393 (Pa. Super. 2008) (en banc) (holding where the trial court is capable of filing a meaningful opinion, our appellate review could proceed).

trial if it had been introduced.'" ***Commonwealth v. Foreman***, 55 A.3d 532, 537 (Pa. Super. 2012), *citing* 42 Pa.C.S. § 9543(a)(2)(vi). Specifically, in order to obtain relief under the PCRA based upon newly-discovered evidence, the petitioner must establish that:

> (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. ***See*** [***Commonwealth v.***] ***D'Amato***, 856 A.2d [806, 823 (Pa. 2004)]; ***Commonwealth v. Abu-Jamal***, 553 Pa. 485, 720 A.2d 79, 94 (Pa. 1998).

***Commonwealth v. Washington***, 927 A.2d 586, 595–596 (Pa. Super. 2007).

Here, the PCRA court conducted an evidentiary hearing after which it denied relief, finding that the testimony of Ryak's witnesses, besides being cumulative and offered solely for impeachment purposes,[7] was so

_____

[7] The PCRA court noted that on direct appeal, this Court stated:

> Ryak's arguments are utterly unpersuasive: he was identified as the shooter by three witnesses, each of whom observed Ryak for several minutes just prior to the shooting, and each of whom testified that they knew him from the neighborhood before the shooting.

PCRA Court Opinion, 7/14/2014, at 13, quoting ***Commonwealth v. Ryak***, 943 A.2d 321 (Pa. Super. 2007) (unpublished memorandum, at 5–6), *appeal denied*, 945 A.2d 169 (Pa. 2008). The PCRA court concluded, "New evidence to support a claim of innocence in the face of this direct evidence is cumulative." PCRA Court Opinion, ***supra***, at 14.
*(Footnote Continued Next Page)*

inconsistent and incredible that it would not have compelled a different verdict.   **See** PCRA Court Opinion, 7/14/2014, at 12–15.

When the PCRA court makes a credibility determination regarding newly discovered evidence, the PCRA court must determine "whether the nature and quality of the evidence is such that there is a reasonable probability that the jury would have credited it and rendered a more favorable verdict."   **Commonwealth v. Johnson**, 966 A.2d 523, 542 (Pa. 2009).   In its opinion, the PCRA court thoroughly reviewed the witnesses' testimony and discussed, *inter alia*, the witnesses' sudden and suspicious timing, the many inconsistencies in their testimony, and their evasiveness in testifying, which led the court to conclude that the witnesses were not credible.   **See** PCRA Court Opinion, 7/14/2014, at 9–11. The PCRA court concluded "Ryak failed to meet his burden of proof, showing that more likely than not the jury verdict would have been different if this 'new' evidence

_____

*(Footnote Continued)*

The PCRA court further found that "Ryak failed to show that the testimonies of Smith and Rivers are not being offered solely for impeachment purposes."   **Id.** at 14.   The court explained:

> Three witnesses testified that they observed Ryak for several minutes prior to the shooting, knew Ryak from the neighborhood before that night, and identified Ryak as the shooter. … Rivers' testimony only contradicts the Commonwealth's testimony by stating that he was there that night also and he saw someone else shoot [the victim].

**Id.** at 14.

- 11 -

were introduced, to warrant relief." **Id.** at 11. **See also id.** at 15. The record supports the PCRA court's determination and we would not disturb it.[8] **See Commonwealth v. Spotz**, 896 A.2d 1191, 1227 (Pa. 2006) ("Because the PCRA court was afforded the opportunity to assess and weigh the credibility of [the witness] at the PCRA hearing, we should refrain from disturbing its credibility determinations.").

Accordingly, even if this second PCRA petition were timely, which it is not, Ryak's substantive newly discovered evidence claim would fail to warrant PCRA relief. Therefore, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/2015

---

[8] In light of our discussion of the PCRA court's credibility determination, there is no need to discuss the PCRA court's findings that the proffered newly discovered evidence was cumulative and offered solely for impeachment purposes.